UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FORD MOTOR CO. SPEED             MDL DOCKET NO. 05-1718
CONTROL DEACTIVATION SWITCH            HON. BERNARD A. FRIEDMAN
PRODUCTS LIABILITY LITIGATION
                                       ALL CASES

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO CLARIFY AND FOR RECONSIDERATION AND ISSUING REVISED
ORDER ON DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED MASTER
COMPLAINT**

**I. Introduction**

Plaintiffs have filed a Motion to Clarify and Reconsider the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Fourth Amended Master Complaint ("Order").  Following its motion for leave to respond, which was granted, Defendant filed a response.

While jointly seeking a revision to the Order with Defendant, Plaintiffs' Motion further seeks clarification of the scope of the Order as contained within the body of the Order, without moving for changes in the final ruling. In addition, the parties have filed a stipulated revised Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Fourth Amended Master Complaint. This Opinion serves to address both filings.

**II. Stipulated Clarification**

The Court, in its Order, states, "As Plaintiffs do not refute Defendant's arguments concerning Florida and Mississippi law, those Plaintiffs' strict liability and negligence claims are dismissed." Order, p. 12. The parties agree that the above language could be read more broadly than Defendant requested, and jointly request that the Order be clarified to state, "As plaintiffs

do not refute Defendant's arguments concerning Florida and Mississippi law, those plaintiffs' strict liability and negligence claims for the value of their vehicles are dismissed." The Court recognized in the body of its Order that Defendant's motion only sought dismissal of claims for the value of vehicles in which the defective SCD Switch cause a fire, and did not seek dismissal of claims for other damages. As the parties agree with this clarification, and the Court finds that such clarification comports with the body of its Order, the Court will grant the parties' request for clarification.

### III. Georgia Law

Plaintiffs further seek reconsideration of the Court's rulings on the application of the economic loss doctrine under Georgia law.

Defendant, in its response, requests clarification from the Court that, notwithstanding its denial of Defendant's partial motion to dismiss value-of-vehicle claims in Georgia, those claims remain subject to dismissal if plaintiffs do not prove loss to other property or personal injury. The Court will not grant this request. The Court is reluctant to consider "if-then" scenarios, and believes that this situation is best addressed in a motion for summary judgment, if such motion becomes appropriate.

#### A. Economic Loss Rule

Plaintiffs seek clarification of the Court's Order regarding the economic loss rule in Georgia. While the Court made thorough legal conclusions in its analysis, the Order itself does not reflect the Court's findings regarding applicable Georgia law. The Court's Order, quoting from a Georgia Court of Appeals opinion, held that Georgia's economic loss rule is defined as follows: "In the absence of an accident, there can be no action in negligence to recover the loss of the economic value of a defective product, unless there is some personal injury or damage to

other property." Order, p. 12 quoting Long v. Jim Letts Olds, Inc., 135 Ga.App. 293, 295 (1975). Accordingly, there can be recovery for the loss of the economic value of a defective product if there is also some personal injury or damage to other property. Therefore, the Court's Order should reflect the rationale contained within its body that those claims for economic loss which also involve allegations of personal injury or damage to other property should not be dismissed, and Plaintiffs' request for clarification is granted.

**B. Accident Exception**

In its Order, the Court made clear mention of the accident exception to Georgia's economic loss rule, noting that "an 'accident' should be defined as a sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property." Order, p. 13 quoting Vulcan Materials Co., Inc. v. Driltech, Inc., 306 S.E.2d 253, 256 (Ga. 1983). In addition, while not directly quoted in the Court's Order, Georgia's accident exception states that in the event of such a sudden or calamitous event, "there is an accident exception to the general rule that an action in negligence does not lie absent personal injury or damage to property other than to the allegedly defective product." Vulcan Materials Co., Inc., 306 S.E.2d at 257.

The Court then held that "whether . . . tort recovery is permissible requires a fact intensive inquiry regarding the type of damage sustained, and the cause of such damage. Accordingly, complete dismissal of this claim is not appropriate at this juncture." Order, p. 13.

Plaintiffs seek a holding regarding whether the Georgia fires, which they claim caused personal injury and extensive damage to other property, meet the definition of an "accident" relating to the economic loss rule. Specifically, Plaintiffs request that the Court reconsider its Order and expressly determine whether it considers a SCD Switch fire to be a "sudden and

calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property."

The Court will defer from entertaining such a finding, noting that it has before it a motion to dismiss, rather than a motion for summary judgment. Accordingly, the Court does not have before it the details of the SCD Switch fire. In addition, the Court is concerned that the circumstances and extent of each SCD Switch fire may have been different, and is hesitant to make a ruling that would encompass all such fires. It is for this reason that the Court's original ruling specifically stated that "whether tort recovery is permissible requires a fact intensive inquiry regarding the type of damage sustained, and the cause of such damage." Plaintiffs' request for reconsideration on this matter is denied, and the Court maintains its original holding that "complete dismissal of this claim is not appropriate at this time." The Court further holds that, on a case by case basis, if the accident exception applies, then Plaintiffs' full claims, including claims for the value of the vehicle, should proceed forward.

**IV. Illinois Law**

Plaintiffs further contend that as with Georgia law, discussed above, the Court failed to address the accident exception under Illinois law. Plaintiffs, in their response to Defendant's Motion to Dismiss, argued that the Court should apply the exception recognized in Illinois for a "sudden or dangerous occurrence." Dkt. 307 at 29.

Defendant's response asks the Court to deny Plaintiffs' motion for reconsideration, and grant Ford's partial motion to dismiss Illinois value-of-vehicle claims.  Defendant argues that even where there is a sudden and calamitous event and personal injury, the economic loss doctrine bars recovery for damage to the product purchased.  Defendant bases its argument primarily on the Illinois Supreme Court's ruling in <u>Trans States Airlines v. Pratt & Whitney</u>

Canada, Inc., 682 N.E.2d 45 (Il. 1997).  In that case, the Illinois Supreme Court, ruling on a certified question, held that even where there is a sudden and calamitous event and personal injury, the economic loss doctrine bars recovery for damage to the product purchased.  The situation of *Trans State Airlines*, however, is distinguishable from the present matter, as that case involved a commercial transaction.  Here, the Court is faced with a consumer transaction, and notes that the Illionois Supreme Court stated, "some jurisdictions make a distinction between commercial transactions and consumer transactions," and "the cause before us involves a purely commercial transaction."  It went on to state, "although we are not now persuaded that the consumer/commercial transaction distinction makes any difference when the product damages only itself, we express no opinion in that regard."  Id. at 53-54.  Here, without further direction from the Illinois courts, this Court declines to limit Plaintiffs' claims to bar damage to the product purchased.

As with the Georgia claims, Plaintiffs seek a holding regarding whether the Illinois fires, which they claim caused personal injury and extensive damage to other property, meet the definition of an "accident" relating to the economic loss rule. Illinois recognizes an accident exception to the economic loss rule "where the plaintiff sustains damage, i.e., personal injury or property damage, resulting from a sudden or dangerous occurrence." Trans State Airlines v. Pratt and Whitney, Canada, Inc., 682 N.E.2d 45, 48 (Ill. 1997).

Unlike Georgia, where the accident exception requires a finding of a "sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property," Vulcan Materials Co., Inc. v. Driltech, Inc., 306 S.E.2d 253, 256 (Ga. 1983)(emphasis added), the Illinois accident exception requires only property damage resulting from a sudden or dangerous occurrence, without the

additional requirement that the accident itself pose an unreasonable risk of injury to other persons or property. Therefore, the Court need only determine whether the fires, as alleged, constitute a sudden or dangerous occurrence, and need not make the further determination of whether the fires posed an unreasonable risk of injury to other persons or property. Here, the Court finds that the fires, as alleged, constitute a sudden or dangerous occurrence, and Defendant's motion to dismiss the Illinois Plaintiffs' claims is denied.

**V. Order**

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Clarification and Reconsideration is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Court's Opinion and Order dated September 29, 2009, is revised to include the above analysis and to state the following:

> IT IS ORDERED that Defendant's Motion to Dismiss Count I is GRANTED.
>
> IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Count II is GRANTED.
>
> IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Count III is GRANTED.
>
> IT IS FURTHER ORDERED that Defendant's Motion to Dismiss the strict liability and negligence claims for the value of the vehicles containing the alleged fire causing SCD Switch is GRANTED in the following states: Florida, Michigan, Mississippi, New Jersey, North Carolina and Texas.
>
> IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' claims for the value of their vehicles in Georgia and Illinois is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' claims for the value of their vehicles in New Jersey and Oklahoma is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss claims not asserted and defendants not named in Plaintiffs' Fourth Amended Master Complaint is GRANTED.

        s/Bernard A. Friedman____
        Bernard A. Friedman
        United States District Judge

Dated:  January 4, 2010